UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANDRE LAMAR BROWN,

        Petitioner,                        Case No. 2:10-cv-264

v.                                           Honorable R. Allan Edgar

CATHERINE BAUMAN,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner Andre Lamar Brown was convicted following a jury trial of one count of first-degree felony murder and one count of assault with intent to rob while armed. Petitioner was sentenced to life in prison for the murder conviction and 25 to 50 years for the assault with intent to rob while armed conviction. Petitioner's direct appeal was denied by the Michigan Court of Appeals on March 27, 2007, and by the Michigan Supreme Court on July 30, 2007. *See People v. Brown*, Michigan Court of Appeals No. 266206 and Michigan Supreme Court No. 133947.

Petitioner filed a motion for relief from judgment in state court on August 15, 2008, which was denied on October 24, 2008. Petitioner's subsequent application for leave to appeal was denied by the Michigan Court of Appeals on December 22, 2009, and by the Michigan Supreme Court on June 28, 2010. *See People v. Brown*, Michigan Court of Appeals No. 294509 and Michigan Supreme Court No. 140580. Petitioner took no further action until he filed the instant

application for habeas corpus relief, which is dated October 7, 2010, and was filed in this court on October 12, 2010.

Respondent has filed a motion for summary judgment asserting that Petitioner's application for habeas corpus relief is barred by the one-year statute of limitations. (Docket #13.) In addition, Rule 5 materials have been filed and the matter is now ready for decision. After a review of the record, I am recommending that Respondent's motion for summary judgment be granted.

As noted above, respondent claims that Petitioner's application is barred by the one-year period of limitation provided in 28 U.S.C. § 2244(d)(1), which was enacted on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The record in this case shows that Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on July 30, 2007. *See People v. Brown*, Michigan Supreme Court No. 133947. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on October 29, 2007, at which point the judgment became final by the conclusion of direct review.

Petitioner had one year from October 29, 2007, to file his habeas application or to otherwise toll the running of the statute of limitations. Petitioner filed a motion for relief from judgment in the trial court on August 15, 2008, 291 days after the statute of limitations began to run. Petitioner appealed the denial of his motion for relief from judgment to the Michigan Court of

Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied Petitioner's request for leave to appeal on June 28, 2010, leaving him 75 days to file, or until September 11, 2010. However, because September 11, 2010, fell on a Saturday, Petitioner could have timely filed his habeas corpus application on Monday September 13, 2010. As noted by Respondent, Petitioner took no further action until he filed the instant application for habeas corpus relief, which is dated October 7, 2010, and was filed in this court on October 12, 2010. Therefore, absent equitable tolling, Petitioner's claims are barred by the statute of limitations.

In response to the motion for summary judgment, Petitioner asserts that his claims for habeas corpus relief are meritorious and that he has maintained actual innocence throughout his appeals. In addition, Petitioner states that he is entitled to equitable tolling. The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden*, No. 09-3372, slip op. at 5 (6th Cir. Nov. 30, 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, slip op. at 7; *Akrawi*, 572 F.3d at 260.

Petitioner states that his case was being handled by a prisoner legal writer and that he was not personally aware of the statute of limitations deadline until June 6, 2011. However, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, the undersigned concludes that Petitioner is not entitled to equitable tolling of the statute of limitations.

For the foregoing reasons, I recommend that Respondent's motion for summary judgment be granted and that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                                            /s/ Timothy P. Greeley  
                                           TIMOTHY P. GREELEY  
                                           UNITED STATES MAGISTRATE JUDGE

Dated:   February 22, 2012