UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANDRE LAMAR BROWN,

    Petitioner,

v.                                                  Case No. 2:10-cv-264
                                                          HON. R. ALLAN EDGAR

CATHERINE BAUMAN,

    Respondent.
_____/

## MEMORANDUM AND ORDER

Petitioner Andre Lamar Brown, a Michigan state prisoner in the custody of the Michigan Department of Corrections (MDOC), has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. He is currently imprisoned at the Alger Correctional Facility in Munising, Michigan.

The *pro se* habeas petition was referred to Magistrate Judge Timothy P. Greeley for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and W.D. Mich. LCivR 72.1(d). Magistrate Judge Greeley submits his report recommending that the habeas petition be denied and dismissed with prejudice on the ground that it is time-barred by the statute of limitation in 28 U.S.C. § 2244(d)(1)(A). [Court Doc. No. 35]. It is further recommended that a certificate of appealablity be denied pursuant to 28 U.S.C. § 2253(c)(2) because reasonable jurists could not find it debatable whether the habeas petition is time-barred by the statute of limitation. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Brown objects arguing that the statute of limitation should be equitably tolled. After reviewing the record *de novo*, the Court concludes that his objection [Court Doc. No. 38] is without

1

merit. Brown has not met his burden of showing that equitable tolling is warranted. The Court adopts the report and recommendation. The habeas petition must be denied and dismissed with prejudice on the ground that it is time-barred by 28 U.S.C. § 2244(d)(1)(A).

**I.     Facts and Procedural History**

After a jury trial in the Circuit Court of Ingham County, Michigan, Brown was found guilty and convicted on one count of first degree felony murder in violation of M.C.L. § 750.316, and one count of assault with intent to rob while armed in violation of M.C.L. § 750.89. He was sentenced to life imprisonment for the murder conviction and to a term of 25-50 years imprisonment for the assault conviction.

Brown took a direct appeal to the Michigan Court of Appeals. On March 27, 2007, the Michigan Court of Appeals affirmed the judgment of conviction and dismissed the appeal. *People v. Brown*, 2007 WL 911918 (Mich. Ct. App. March 27, 2007). On July 30, 2007, the Michigan Supreme Court denied Brown's application for leave to appeal. *People v. Brown*, 735 N.W.2d 246 (Mich. 2007). Brown did not file a petition for writ of certiorari in the United States Supreme Court.

On August 15, 2008, Brown made a motion in the Ingham County Circuit Court seeking relief from the judgment of conviction pursuant to Michigan Court Rules 6.500 - 6.508. The circuit court denied the motion on October 24, 2008. Brown's application for leave to appeal was denied by the Michigan Court of Appeals on December 22, 2009. Brown's application for leave to appeal to the Michigan Supreme Court was denied on June 28, 2010. *People v. Brown*, 783 N.W.2d 347 (Mich. 2010).

Brown did not take any further action until he filed his instant habeas petition in this Court

under 28 U.S.C. § 2254. On October 12, 2010, this Court received Brown's § 2254 habeas petition. The *pro se* petition was signed and mailed by Brown on October 7, 2010. Applying the prisoner mailbox rule, the Court deems the habeas petition to have been filed on October 7, 2010. *Houston v. Lack*, 487 U.S. 266, 273 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); Rule 3(d) of Rules Governing Section 2254 Cases in the United States District Courts.[1]

## II. Application of Statute of Limitation, 28 U.S.C. § 2244(d)(1)(A)

In this case the applicable statute of limitation is 28 U.S.C. § 2244(d)(1)(A). It provides that a one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

The Court calculates the running of the one-year statute of limitation as follows. Brown took a direct appeal from his judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied Brown's application for leave to appeal on July 30, 2007. Brown had 90 days from July 30, 2007 within which to file a petition for writ of certiorari in the United States Supreme Court. Brown did not file a petition for writ of certiorari in the United States Supreme Court. The 28 U.S.C. § 2244(d)(1)(A) one-year limitation period for Brown to file his habeas petition under 28 U.S.C. § 2254 commenced to run when the 90-day period in which he could have sought direct review in the United States Supreme Court expired. *Lawrence*

---

[1] The report and recommendation incorrectly states that the habeas petition was filed on October 12, 2010, the date when it was received by the Clerk of this Court. [Court Doc. No. 35, pp. 2, 4]. The habeas petition was filed on October 7, 2010 when mailed from the prison.

*v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). This 90-day period expired on October 29, 2007, at which point Brown's judgment of conviction became final by the conclusion of direct review. Pursuant to 28 U.S.C. § 2244(d)(1)(A), Brown had one year from October 29, 2007 within which to file his habeas petition for writ of habeas corpus under 28 U.S.C. § 2254.

The calculation of the running of the statute of limitation is impacted by Brown's motion for collateral post-conviction relief in the Michigan state courts. 28 U.S.C. § 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The tolling provision in § 2244(d)(2) does not "revive" the one-year limitation period in § 2244(d)(1)(A) or restart the "clock." Rather, § 2244(d)(2) can only serve to pause a statute of limitation clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A) has expired, any motions or petitions for collateral post-conviction relief filed in the state courts cannot serve to toll or avoid the statute of limitation. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001); *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where a motion for post-conviction relief in state court raises a claim of ineffective assistance of appellate counsel, the filing of the motion does not revive the statute of limitations and restart the clock. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

28 U.S.C. § 2244(d)(2) is applicable in Brown's case. On August 15, 2008, Brown made a motion in the Ingham County Circuit Court for relief from the judgment of conviction pursuant to

Michigan Court Rules 6.500 - 6.508. This occurred 291 days after the statute of limitation commenced to run on October 29, 2007. The motion for post-conviction relief was denied by the Ingham County Circuit Court and Brown's application for leave to appeal was denied by the Michigan Supreme Court on June 28, 2010. When the Michigan Supreme Court denied Brown's appeal, the clock for the one-year statute of limitation in 28 U.S.C. § 2244(d)(1)(A) was restarted. At that juncture Brown had 75 days left to file his 28 U.S.C. § 2254 habeas petition, or until September 11, 2010. Because September 11, 2010, fell on a Saturday, the deadline for Brown to file his habeas petition was Monday, September 13, 2010.

Brown did not file his 28 U.S.C. § 2254 habeas petition in this Court by the deadline of September 13, 2010. He missed that deadline and did not file his habeas petition until October 7, 2010. His habeas petition is time-barred by 28 U.S.C. § 2244(d)(1)(A) unless he can show that he is entitled to equitable tolling of the statute of limitation.

**III.    Equitable Tolling**

Brown argues that he is entitled to equitable tolling, and it would be a miscarriage of justice if his habeas petition is not decided on the merits. These arguments fail.

The statute of limitation in 28 U.S.C. § 2244(d)(1) is not jurisdictional and it is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560-62 (6th Cir. 2010); *Hall v. Warden, Lebanon Correctional Institution*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). The Sixth Circuit cautions that equitable tolling relief should be granted sparingly. *Robertson*, 624 F.3d at 784; *Sherwood*, 579 F.3d at 588; *Cook*,

295 F.3d at 521. Brown bears the burden of showing that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011); *Robertson*, 624 F.3d at 784; *Jagodka v. Lafler,* 148 Fed. Appx. 345, 347 (6th Cir. 2005); *Allen*, 366 F.3d at 401; *McClendon*, 329 F.3d at 494.

The Court concludes that Brown has not met his burden of showing that he is entitled to equitable tolling of the statute of limitation under either the actual innocence equitable tolling doctrine or traditional equitable tolling principles. If Brown's habeas petition is denied and dismissed as being time-barred by the statute of limitation in 28 U.S.C. § 2244(d)(1), it will not result in a miscarriage of justice because Brown does not have a credible claim of actual innocence.

A.     **Doctrine of Actual Innocence Equitable Tolling**

Brown contends that he is actually innocent. He argues that the evidence presented at trial was insufficient to prove beyond a reasonable doubt that he is guilty of the crimes for which he was indicted and convicted. Brown also claims that there were errors of law in the Michigan criminal case. He does not present any new reliable evidence in this 28 U.S.C. § 2254 habeas proceeding to support his claim of actual innocence.

The statute of limitation in 28 U.S.C. § 2244(d)(1) may be equitably tolled when a habeas petitioner makes a credible claim of actual innocence based on new reliable evidence. *Connolly v. Howes*, 304 Fed. Appx. 412, 417 (6th Cir. 2008); *McSwain v. Davis,* 287 Fed. Appx. 450, 458-59 (6th Cir. 2008); *Knickerbocker v. Wolfenbarger*, 212 Fed. Appx. 426, 431-32 (6th Cir. 2007); *Harvey v. Jones,* 179 Fed. Appx. 294, 297-98 (6th Cir. 2006); *Souter*, 395 F.3d at 589-90; *Alexander v. Metrish*, 2007 WL 542010, at ** 8-10 (W.D. Mich. Feb. 16, 2007). As the Sixth

Circuit recently explained in *Patterson v. Lafler*, 2012 WL 48186, * 3 (6th Cir. Jan. 9, 2012), a habeas petitioner may be eligible for equitable tolling if he demonstrates actual innocence, so that by refusing to consider his habeas petition due to lack of timeliness the court would cause a fundamental miscarriage of justice, citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

There is a stringent standard for establishing a credible claim of actual innocence. Actual innocence means factual innocence, not mere legal insufficiency or legal innocence. *Bousley v. United States,* 523 U.S. 614, 623 (1998); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Patterson*, 2012 WL 48186, at * 3; *Connolly*, 304 Fed. Appx. at 417; *Harvey,* 179 Fed. Appx. at 299; *Souter*, 395 F.3d at 590. To make out a credible claim of actual innocence, Brown is required to present new reliable evidence – exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was unknown or unavailable at the time of his trial. *Schlup*, 513 U.S. at 324; *Patterson*, 2012 WL 48186, at * 3; *Connolly*, 304 Fed. Appx. at 417; *Knickerbocker*, 212 Fed. Appx. at 431; *Souter*, 395 F.3d at 590. Without new reliable evidence and facts showing actual innocence, even the existence of a meritorious claim of a federal constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow this Court to reach the merits of a habeas claim brought under 28 U.S.C. § 2254 that is time-barred by 28 U.S.C. § 2244(d)(1)(A). *Schlup*, 513 U.S. at 316; *Connolly*, 304 Fed. Appx. at 417; *Nelloms v. Jackson,* 129 Fed. Appx. 933, 937 (6th Cir. 2005).

A claim of actual innocence is not itself a freestanding claim under the United States Constitution. It is only a gateway through which a habeas petitioner must pass to have his

otherwise barred federal constitutional claim considered on the merits. *Herrera v. Collins*, 506 U.S. 390, 404 (1993); *Gibbs v. United States*, 655 F.3d 473, 477 (6th Cir. 2011).

The actual innocence equitable tolling exception is rare and may only be applied in extraordinary cases involving factual innocence. *Schlup*, 513 U.S. at 321; *Knickerbocker*, 212 Fed. Appx. at 431; *Souter*, 395 F.3d at 590. Actual innocence is an extremely narrow exception and claims of actual innocence are rarely successful. *Schlup*, 513 U.S. at 324; *Gibbs*, 655 F.3d at 477.

If a habeas petitioner is able to present new reliable, exculpatory evidence to support a credible claim of actual (factual) innocence, the Court must consider all of the old and new evidence, both incriminating and exculpatory evidence, without regard to whether it would necessarily be admissible under the rules of evidence that would govern at a trial but with due regard to any unreliability of it. Based on the total record of old and new reliable evidence, the Court must determine what an objectively reasonable and properly instructed jury would probably decide at trial. The habeas petitioner's burden at this gateway stage is to demonstrate that, in light of the new reliable evidence and facts, it is more likely than not that no reasonable jury would find him guilty beyond a reasonable doubt. *Bousley,* 523 U.S. at 623; *Schlup*, 513 U.S. at 327; *Connolly*, 304 Fed. Appx. at 417; *Ross v. Berghuis,* 417 Fed. Appx. 552, 556 (6th Cir. 2005); *Knickerbocker*, 212 Fed. Appx. at 431; *Souter*, 395 F.3d at 590, 598-99.

After reviewing the record, this Court finds that Brown does not have a credible claim of actual innocence. Brown is required to present new reliable evidence and facts that raise sufficient doubt about his guilt to undermine confidence in the outcome of the criminal

proceeding in the Michigan state courts. *Schlup*, 513 U.S. at 317; *Souter*, 395 F.3d at 590; *Alexander*, 2007 WL 542010, at * 9. This he has failed to do. Brown is not entitled to equitable tolling because he does not have a credible claim of actual innocence based on any new reliable evidence – exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was either unknown or unavailable at the time of his trial. Without submitting new reliable evidence obtained after his trial showing that he is factually innocent, equitable tolling is not warranted based on the actual innocence equitable tolling doctrine.

The claims and grounds for relief that Brown pleads in his habeas petition do not amount to a viable claim that he is factually innocent based on new reliable evidence. Brown's claims that he did not have a fair criminal trial that comports with federal constitutional due process do not fit within the actual innocence equitable tolling doctrine. To the extent that Brown claims there were errors of law in his Michigan criminal proceeding, the actual innocence equitable tolling doctrine does not apply. *Craig v. White,* 227 Fed. Appx. 480, 481 (6th Cir. 2007); *Harvey,* 179 Fed. Appx. 298-99; *Ross,* 417 Fed. Appx. at 555; *Nash v. Woods*, 2012 WL 70571, * 6 (W.D. Mich. Jan. 9, 2012); *Cable v. Woods*, 2010 WL 502722, * 4 (W.D. Mich. Feb. 5, 2010).

      B.    **Miscarriage of Justice Exception and Actual Innocence**

Brown argues that it would be a miscarriage of justice if this Court dismisses his habeas petition as time-barred by the statute of limitation and does not decide it on the merits. In other words, Brown argues that he is entitled to habeas relief on the theory that he is actually innocent, i.e. his guilt was not proved at trial by evidence beyond a reasonable doubt, and there were fundamental defects or errors of law in the Michigan criminal proceedings which resulted in a miscarriage of

justice. Brown seeks to avoid or circumvent the enforcement of the statute of limitation in 28 U.S.C. § 2244(d)(1)(A) based on the "miscarriage of justice" exception. He labors under the mistaken belief that if there were fundamental defects which resulted in a miscarriage of justice, then his 28 U.S.C. § 2254 habeas petition should not be time-barred by § 2244(d)(1)(A).

The Court rejects this argument. Brown misunderstands the narrow scope of the miscarriage of justice exception. It is not applicable in the present case because Brown does not have a credible claim of actual (factual) innocence.

The term "miscarriage of justice" refers to the conviction of an actually (factually) innocent person, as compared to a person who merely claims errors of law and legal innocence. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Schlup*, 513 U.S. at 316; *Sawyer v. Whitley*, 505 U.S. 333 (1992); *Murray v. Carrier*, 477 U.S. 478 (1986); *Beach v. Moore*, 343 Fed. Appx. 7, 12-13 n. 4 (6th Cir. 2009); *Nash*, 2012 WL 70571, at * 7; *Robinson v. Mackie*, 2011 WL 6090805, ** 5-6 (W.D. Mich. Dec. 6, 2011); *Cable*, 2010 WL 502722 at * 5. The actual innocence doctrine derives from the Supreme Court's fundamental miscarriage of justice exception to the procedural default rule. *Schlup*, 513 U.S. at 321; *Gibbs*, 655 F.3d at 477. Under the miscarriage of justice exception, the Court may consider an otherwise defaulted or time-barred habeas claim if the habeas petitioner submits new reliable evidence showing that a federal constitutional violation has probably resulted in the conviction of one who is actually innocent. *Schlup*, 513 U.S. at 326-30; *Jells v. Mitchell*, 538 F.3d 478, 489 (6th Cir. 2008); *Nash*, 2012 WL 70571, at * 7; *Robinson*, 2011 WL 6090805, at * 5; *Cable*, 2010 WL 502722 at * 5.

In this 28 U.S.C. § 2254 habeas proceeding, the only way for Brown to establish a miscarriage of justice and obtain equitable tolling of the statute of limitation is to make out a credible claim of actual (factual) innocence based on new reliable evidence which he has completely failed to do. Because Brown does not have a credible claim of actual innocence based on any new reliable evidence, he cannot invoke the *Schlup* miscarriage of justice exception. *Nash*, 2012 WL 70571, at * 7; *Robinson*, 2011 WL 6090805, at * 6; *Cable*, 2010 WL 502722 at * 5. Without a credible claim of actual innocence, the dismissal of Brown's § 2254 habeas petition on the ground that it is time-barred by the statute of limitation does not result in a miscarriage of justice. *Owens v. Stine*, 27 Fed. Appx. 351, 353-54 (6th Cir. 2001); *Saylor v. Mack*, 27 Fed. Appx. 321, 323 (6th Cir. 2001); *Duffy v. Collins*, 230 F.3d 1358 (Table, text in 2000 WL 1477226, * 2 (6th Cir. Sept. 25, 2000)); *Nash*, 2012 WL 70571, at * 7; *Robinson*, 2011 WL 6090805, at * 6; *Cable*, 2010 WL 502722 at * 5.

This District Court follows the Sixth Circuit's opinion in *Nelloms,* 129 Fed. Appx. at 936-37, and declines to expand the definition of what constitutes a miscarriage of justice beyond the narrow actual innocence exception based on new reliable evidence carved out by the Supreme Court in *Schlup*, 513 U.S. at 316, 322. *Nash*, 2012 WL 70571, at * 7; *Robinson*, 2011 WL 6090805, at * 6; *Cable*, 2010 WL 502722 at * 5.

### C. Traditional Equitable Tolling

The doctrine of equitable tolling allows federal courts to toll a statute of limitation when a litigant's failure to meet a mandated deadline unavoidably arose from circumstances beyond

his control. *Patterson*, 2012 WL 48186, at * 3; *Robertson*, 624 F.3d at 783; *McSwain*, 287 Fed. Appx. at 456; *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). Brown bears the burden of showing that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance beyond his control stood in his way which prevented him from filing the habeas petition. *Holland*, 130 S.Ct. at 2562; *Lawrence*, 549 U.S. at 335-36; *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Patterson*, 2012 WL 48186, at * 3; *Hall*, 662 F.3d at 749-50; *Ata*, 662 F.3d at 741; *Robertson*, 624 F.3d at 784.

Generally, principles of equitable tolling do not extend to what is at best garden variety excusable neglect that causes an attorney to miss a filing deadline provided by a statute of limitation. *Holland*, 130 S.Ct. at 2564; *Lawrence*, 549 U.S. at 336-37 (attorney's miscalculation of statute of limitation's deadline insufficient to warrant equitable tolling); *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Patterson*, 2012 WL 48186, at * 3; *Robertson*, 624 F.3d at 784.

This Court concludes that Brown has not met his burden of showing the second element. Brown fails to show that some extraordinary circumstance beyond his control prevented him from timely filing his habeas petition under 28 U.S.C. § 2254 by the deadline of September 13, 2010. At most, Brown's failure to file his habeas petition by the deadline of September 13, 2010 was the result of ordinary, garden variety negligence or incompetence which is insufficient to warrant the extraordinary remedy of equitable tolling.

11

In an effort to show there is an extraordinary circumstance that warrants equitable tolling in this case, Brown makes the following allegations. During several months in 2010, prisoner Brown was placed in segregation status by MDOC where he could not obtain access to the prison law library or seek out assistance from the most competent "jailhouse lawyers." Brown had to rely on the MDOC Legal Writer's Program for assistance in preparing and filing his habeas petition under 28 U.S.C. § 2254. The MDOC program utilizes inmates who are given training to provide legal assistance to other prisoners like Brown.

Brown alleges that the legal writer received the assignment to work on Brown's 28 U.S.C. § 2254 habeas petition well before the filing deadline of September 13, 2010. Brown asserts that he sent notes to the legal writer inquiring about the status of the habeas petition and urging the legal writer to prepare it in a timely fashion. Brown says that he did not personally have knowledge that September 13, 2010 was the deadline for filing his habeas petition. It is unclear to Brown whether the legal writer knew that the filing deadline was September 13, 2010.

Brown contends that the legal writer neglected or abandoned the case and failed to prepare or file the habeas petition before the deadline of September 13, 2010. It is alleged that the legal writer never informed Brown that the statute of limitation in 28 U.S.C. § 2244(d)(1)(A) had expired on the habeas petition. The gist of Brown's argument is that he diligently pursued his rights and it is the fault of the MDOC inmate legal writer that Brown's habeas petition was not prepared and filed by the deadline of September 13, 2010. Brown relies primarily on *Holland*, 130 S.Ct. 2549, for the proposition that an attorney's failure to timely file his client's habeas petition may constitute an extraordinary circumstance that warrants equitable tolling of the statute of limitation. Brown

seeks to equate the alleged negligent conduct of the inmate legal writer in his case to the attorney's more egregious misconduct in *Holland.* Brown strives to make his case fit under *Holland*, 130 S.Ct. 2549 by alleging that the inmate legal writer "abandoned" Brown's case.

The Court rejects Brown's equitable tolling argument for the following reasons. Brown's effort to invoke and apply the Supreme Court's opinion in *Holland* is predicated on a false factual premise. Although Brown alleges that the MDOC inmate legal writer abandoned the case, the facts presented by Brown do not demonstrate that there was actual abandonment. There might have been abandonment if the inmate legal writer had ceased working on Brown's case and made no effort to finish drafting the habeas petition. But that is not what occurred in Brown's case. The inmate legal writer actively worked on the case and finished drafting Brown's habeas petition but simply did so too late and missed the filing deadline of September 13, 2010. At most, the facts alleged by Brown demonstrate that the inmate legal writer committed simple negligence by: (1) failing to correctly calculate that September 13, 2010 was the deadline to file Brown's habeas petition within the statute of limitations; and (2) failing to get the habeas petition completed and filed by the deadline of September 13, 2010. This did not constitute the abandonment of Brown's habeas petition. Accepting Brown's factual allegations as true, the conduct of the MDOC inmate legal writer assigned to work on Brown's habeas petition amounts to nothing more than simple, ordinary incompetence and negligence which does not warrant equitable tolling.

Although Brown is a *pro se* prisoner who is untrained in the law, this does not warrant equitable tolling. Brown's miscalculation of the statute of limitation due to his ignorance of the law is insufficient to warrant equitable tolling. Ignorance of the law is not a valid reason for

13

equitable tolling, even for imprisoned *pro se* habeas petitioners. *Allen,* 366 F3d at 403-04; *Craig,* 227 Fed. Appx. at 482; *Harvey,* 179 Fed. Appx. at 299-300; *Jagodka*, 148 Fed. Appx. at 347; *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005); *Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003); *Feagin v. Bauman*, 2010 WL 431770, * 2 (W.D. Mich. Feb. 2, 2010).

Moreover, if Brown's misunderstanding about calculating the filing deadline under the statute of limitation was due to his reliance on unreasonable and incorrect advice or assistance provided to him by an inmate legal writer (paralegal) within the MDOC program, this is insufficient to warrant equitable tolling. Assuming *arguendo* that the conduct of an inmate legal writer can be equated with a licensed attorney's professional conduct, an inmate legal writer's simple error in miscalculating the filing deadline under the statute of limitation does not rise to the level of egregious misconduct and an extraordinary circumstance that warrants equitable tolling based on *Holland*, 130 S.Ct. 2549.

Generally, a habeas petitioner's reliance on unreasonable or incorrect legal advice from his attorney is not a valid ground for equitable tolling of the statute of limitation. *Holland*, 130 S.Ct. at 2564; *Lawrence*, 549 U.S. at 336-37; *McSwain*, 287 Fed. Appx. at 457; *Allen*, 366 F.3d at 403; *Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003). This same principle applies with equal force to Brown's reliance on the advice and assistance provided to him by the inmate legal writer. A simple negligent error by the MDOC inmate legal writer in calculating or missing the statute of limitation's deadline for filing Brown's habeas petition does not warrant equitable tolling. *Lott v. Prelesnik*, 2012 WL 1029217, * 5 (W.D. Mich. March 26, 2012); *Feagin*, 2010

14

WL 431770, at * 2.

In some cases, egregious misconduct by a habeas petitioner's attorney may constitute an extraordinary circumstance that warrants equitable tolling of the statute of limitation. There can be equitable tolling if an attorney abandoned the case, made material misrepresentations to the client, or became mentally or physically incapacitated. *Holland*, 130 S.Ct. 2549; *Robertson*, 624 F.3d at 784-85; *see also Patterson*, 2012 WL 48186, at * 4. None of those extraordinary circumstances occurred in the instant case involving Andre Lamar Brown. Brown was not represented by an attorney with regard to the preparation and filing of his habeas petition under 28 U.S.C. § 2254. The inmate legal writer assisting Brown did not abandon Brown's habeas petition.

Brown's reliance on *Holland* is misplaced. *Holland* is inapposite. Brown's case is readily distinguishable from *Holland*.

In *Holland*, 130 S.Ct. 2549, Florida state prisoner Albert Holland was convicted of first degree murder and sentenced to death in the Florida courts. After the Florida Supreme Court affirmed the judgment of conviction on direct appeal and denied collateral post-conviction relief, Holland filed a petition for writ of habeas corpus in federal district court under 28 U.S.C. § 2254. The habeas petition was dismissed as being time-barred by the statute of limitation since it was filed approximately five weeks too late.

The facts established that Holland's court-appointed counsel was grossly negligent and failed to timely file the 28 U.S.C. § 2254 habeas petition despite many letters from prisoner Holland emphasizing the importance of doing so. The attorney failed to communicate with Holland over a period of years despite Holland's numerous pleas for a response to his letters. The attorney also

failed to inform Holland in a timely manner that the Florida Supreme Court had denied the motion for collateral post-conviction relief despite Holland's requests for that information. In short, the attorney appointed to represent Holland was grossly negligent and essentially abandoned Holland's case, especially with regard to the attorney's responsibility for preparing and timely filing a petition for writ of habeas corpus on Holland's behalf in federal district court under 28 U.S.C. § 2254.

The federal district court denied Holland's request that the statute of limitation be equitably tolled finding that Holland had not demonstrated that he acted with due diligence. The federal district court did not address the separate issue whether the attorney's gross negligence and violations of the canons of professional ethics constituted an extraordinary circumstance that warranted equitable tolling.

Holland appealed the district court's adverse decision to the Eleventh Circuit Court of Appeals. On appeal, the Eleventh Circuit affirmed the district court's judgment holding that, regardless of whether Holland had acted diligently to pursue his rights, Holland's case did not constitute an extraordinary circumstance that warranted equitable tolling. The Eleventh Circuit held that when a habeas petitioner seeks to excuse a late filing of the habeas petition based on an attorney's unprofessional conduct, that conduct, even if grossly negligent, cannot justify equitable tolling absent bad faith, dishonesty, divided loyalty, mental impairment, or the like. *Holland v. Florida*, 539 F.3d 1334, 1339 (11th Cir. 2008); *see also Holland*, 130 S.Ct. at 2563.

The United States Supreme Court reversed the Eleventh Circuit and remanded for further proceedings. The Supreme Court said that the standard used by the Eleventh Circuit to determine whether there were extraordinary circumstances that warranted equitable tolling was "too rigid."

*Holland*, 130 S.Ct. at 2563. Although the circumstances of a case must be extraordinary before equitable tolling of a statute of limitation can be applied, such circumstances are not limited to those that satisfy the overly rigid test used by the Eleventh Circuit. *Holland*, 130 S.Ct. at 2564-65. The facts in Holland's case presented far more serious instances of attorney misconduct that went beyond a garden variety claim of simple attorney negligence. The Supreme Court expressed its concern that the attorney's egregious misconduct and violation of professional ethics seriously prejudiced Holland who thereby lost what was likely his single opportunity for federal habeas review of the lawfulness of his conviction and death sentence. *Holland*, 130 S.Ct. at 2564-65. One key factor in Holland is that it was a death penalty case.

With regard to the issue whether Holland had made a showing of extraordinary circumstances that warranted equitable tolling, the Supreme Court refrained from stating its conclusion "in absolute form" because more proceedings may be necessary on remand. *Holland*, 130 S.Ct. at 2565. The federal district court rested its decision not on a lack of extraordinary circumstances, but rather on a lack of diligence. The Supreme Court concluded that the district court's finding of a lack of diligence by Holland was incorrect since Holland had acted with reasonable diligence under the circumstances. Because the district court erroneously relied on a lack of diligence as the basis to deny equitable tolling, and because the Court of Appeals erroneously relied on an overly rigid *per se* approach on the issue of whether the attorney's egregious misconduct constituted an extraordinary circumstance, the Supreme Court remanded for further proceedings to determine whether the facts indeed constituted extraordinary circumstances sufficient to warrant equitable tolling. *Id*.

The instant case involving Andre Lamar Brown is distinguishable from *Holland*. The facts

17

and circumstances in Brown's case do not even come close to *Holland*. Unlike *Holland*, Brown's case does not involve a sentence of death. There is no death penalty imposed in Brown's case. With regard to the preparation and filing of Brown's habeas petition under 28 U.S.C. § 2254, Brown was not represented by an attorney. In Brown's case, there is no grossly negligent, unethical conduct by an attorney similar to what happened in *Holland*. The inmate legal writer who assisted Brown in preparing the habeas petition did not abandon Brown's case.

Brown emphasizes that he was compelled to use and rely on the inmate legal writer assigned to him under the MDOC Legal Writer's Program. Brown contends that it is the fault of the State of Michigan and MDOC that his habeas petition was not timely filed within the statute of limitation. Brown faults MDOC for assigning an inmate legal writer who was poorly trained, incompetent, and negligent. This argument fails. In *Lawrence*, 549 U.S. at 336, the Supreme Court determined that a State's efforts to assist a prisoner in post-conviction proceedings by appointing counsel does not make the State accountable for a prisoner's delay and missing the statute of limitation's filing deadline. "It would be perverse indeed if providing prisoners with post-conviction counsel deprived States of the benefit of the AEDPA statute of limitations." *Id*.

In sum, the Court is not persuaded that some extraordinary circumstance beyond Brown's control stood in his way and prevented him from filing the habeas petition by the deadline of September 13, 2010, as required by 28 U.S.C. § 2244(d)(1)(A). *Holland* and its progeny do not afford any basis for equitable tolling of the statute of limitation in Brown's case.

## IV.     Conclusion

Brown's objection to the report and recommendation [Doc. No. 38] is **DENIED**. The Court **ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b). The habeas petition brought under 28 U.S.C. § 2254 shall be **DENIED and DISMISSED WITH PREJUDICE** on the ground that it is time-barred by the statute of limitation in 28 U.S.C. § 2244(d)(1)(A). Equitable tolling of the statute of limitation is not warranted.

If Brown files a notice of appeal to the Sixth Circuit Court of Appeals, it shall be treated as an application for a certificate of appealability which is **DENIED**. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). Reasonable jurists could not find it debatable whether the habeas petition has been properly denied and dismissed with prejudice on the ground that it is time-barred by the statute of limitation in 28 U.S.C. § 2244(d)(1)(A). *Slack*, 529 U.S. at 484.

For the same reasons that the Court dismisses the habeas petition as time-barred by the statute of limitation, the Court further finds there is no good-faith basis for an appeal from this decision. The Court will certify pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a) that any appeal from this decision by petitioner Brown would be frivolous and not taken in good faith. A separate judgment will enter.

SO ORDERED.

Dated:  April 12, 2012.

                              */s/ R. Allan Edgar*
                           R. ALLAN EDGAR
                    UNITED STATES DISTRICT JUDGE